Ron BOSCH, Appellant,

v.

ST. LOUIS HEALTHCARE
NETWORK, Respondent.

No. SC 82721.

Supreme Court of Missouri,
En Banc.

March 20, 2001.

Rehearing Denied April 24, 2001.

Burton H. Shostak, D.J. Westling, Grand J. Shostak, St. Louis, for Appellant.

Christine M. Kocot, Paul E. Kovacs, Jeffrey T. McPherson, St Louis, for Respondent.

PRICE, Chief Justice.

## I.

This case comes to us after the dismissal of the plaintiff's claim. Two issues are presented. First, whether section 287.120.2, RSMo 1994, part of the workers' compensation act, precludes the spouse of an employee who has made a claim for a workplace injury from bringing his or her own cause of action against the employer for negligent infliction of emotional distress. And second, whether the plaintiff has pled sufficient facts to make out a cause of action for negligent infliction of emotional distress. Section 287.120.2 does not preclude an action for a spouse's independent injury. However, Bosch did not plead that he was at the scene of an injury-producing sudden event as required to support a claim for negligent infliction of emotional distress.

## II.

A motion to dismiss attacks the plaintiff's pleadings. In reviewing a motion to dismiss for failure to state a claim

upon which relief can be granted, the following standard of review applies:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted).

### III.

The following facts were alleged in the petition filed by Ron Bosch. Bosch's wife, Patricia Bosch, was employed as a nurse at the St. Joseph Health Center. She was required to draw blood in the course of her employment. Bosch alleged that on February 9, 1994, his wife drew blood from a patient infected with hepatitis C. After drawing the blood, she tripped over a small child in a crowded hall causing her to be pricked by the needle she used to draw the blood. Ms. Bosch contracted hepatitis C as a result of the needle prick.

On February 3, 1999, Ron Bosch (Bosch) filed a two-count petition against St. Louis Health Care Network ("SSM"), the operator of St. Joseph Health Center. In the first count, Bosch alleged that he lost his wife's consortium, and in the second he alleged that SSM negligently inflicted emotional distress on him.

In his petition, Bosch first alleged that his wife's injury caused him to lose her consortium. He also alleged that: (1) SSM should have known that its conduct created an unreasonable risk of bodily harm to him, (2) he was present at the scene of an injury-producing sudden event, and (3) he was and is in the zone of danger by his continuing risk of contracting hepatitis C and other blood diseases from Wife. Bosch further alleged that he was in reasonable fear of contracting the disease and that the acts of SSM have caused him severe mental and emotional distress and anguish and pain of body.

SSM filed a motion to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim. SSM claimed that the trial court lacked subject matter jurisdiction over both the loss of consortium claim and the negligent infliction of emotional distress claim because such claims are barred by section 287.120.2. Even if it was not barred by that section, SSM claimed that Bosch failed to allege sufficient facts to state a claim for relief based on negligent infliction of emotional distress. The trial court granted the motion to dismiss, but did not state the grounds for dismissal.

On appeal, Bosch abandoned his claim for loss of consortium. Bosch asserts that the trial court erred, however, in granting the motion to dismiss with respect to the negligent infliction of emotional distress claim.

### IV.

■ The Court is first required to address the question of jurisdiction. *Kuyper v. Stone County Com'n,* 838 S.W.2d 436, 437 (Mo. banc 1992). Section 287.120.2, RSMo 1994, provides that:

The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or

death, except such rights and remedies as are not provided for by this chapter. (Emphasis added).

Our court of appeals has held that section 287.120.2 precludes an action in the courts for a spouse's loss of consortium claim arising from a covered workplace injury. *Felts v. Ford Motor Co.*, 916 S.W.2d 798, 801 (Mo.App.1995); *Miller v. McDonnell Douglas Corp.*, 896 S.W.2d 734 (Mo.App.1995); *DuBose v. Flightsafety Intern. Inc.*, 824 S.W.2d 486 (Mo.App.1992). Loss of consortium is a derivative claim that arises out of the original injury to the spouse. As such it falls directly within the exclusion of section 287.120.2 to rights and remedies "on account of such accidental injury."

A claim for the negligent infliction of emotional distress is different. It is not a derivative claim arising from the injury of another. Instead it is a claim for the emotional injury of a plaintiff arising from the negligent behavior of another. *Asaro v. Cardinal Glennon Memorial Hosp.*, 799 S.W.2d 595 (Mo. banc 1990); *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo. banc 1983). Accordingly, because a claim for negligently inflicted emotional distress is independent of and not derivative from the injury of the covered worker, it is not one that is "on account of such accidental injury" and is not barred. *See Woerth v. United States*, 714 F.2d 648 (6th Cir.1983).

## V.

The elements of a claim for the negligent infliction of emotional distress were set out in *Asaro:*

(1) that the defendant should have realized that his conduct involved an unreasonable risk to the plaintiff, (2) that plaintiff was present at the scene of an injury producing, sudden event, and (3) that plaintiff was in the zone of danger,

i.e., placed in reasonable fear of physical injury to her or his own person.

799 S.W.2d at 600. Bosch does not allege that he was present when his wife inadvertently stuck herself with the infected needle. Neither does Bosch allege he was within the zone of danger where he might reasonably have feared that he could have been stuck at the time. These allegations are necessary to state a claim under the law as it presently reads.

Instead, Bosch argues that the law should be extended to recognize that his wife's infection extends the zone of danger to him because of the danger that she might infect him. Bosch cites a case from Louisiana, *Vallery v. Southern Baptist Hospital*, 630 So.2d 861 (La.App. 4 Cir. 1994), that allowed such a claim by a wife of a man exposed to HIV, stating that the plaintiff need only prove a "channel . . . for infection." 630 So.2d at 861.

We are not inclined, in this case, to so extend a claim for the negligent infliction of emotional distress. Even though this type of analysis might resolve the zone of danger requirement, the requirement that the plaintiff be present at the scene of the injury-producing sudden event is still left unsatisfied. The "event" was the needle prick to the wife, not the interaction of husband and wife thereafter.

## VI.

The spouse of an individual infected with a contagious disease might well suffer related physical and emotional injury. To the extent that such injury is the loss of consortium, in a case of a covered injury, that spouse's claim is barred by section 287.120.2. The day-to-day interaction of husband and wife, thereafter, is not the type of injury-producing sudden event contemplated by the claim recognized as the negligent infliction of emotional distress. We do not consider whether this

type of emotional injury, or any related physical injury suffered by the spouse of an infected individual, might support recovery under some other theory.

The judgment of the circuit court is affirmed.

LIMBAUGH, WHITE, HOLSTEIN, WOLFF, and BENTON, JJ., and CALVIN, Sp. J., concur.

LAURA DENVIR STITH, J., not participating.