In re the Matter of T.Q.L.,
a minor child,

M.M.A., Appellant,

v.

L.L., Respondent

and

Unknown Natural Father, Defendant.

No. SC 92442.

Supreme Court of Missouri,
En Banc.

Argued and Submitted Oct. 23, 2012.

Decided Dec. 18, 2012.

John C. Holstein and Jennifer R. Growcock, Polsinelli Shughart PC, Springfield, and Jack A. Cochran, The Cochran Law Firm, Blue Springs, for appellant.

No brief filed for appellee.

MARY R. RUSSELL, Judge.

M.M.A. (Petitioner) brings this action for reinstatement of his petition seeking third-party custody and visitation of T.Q.L. (Child), whom he thought was his biological son. The circuit court dismissed Petitioner's petition for failure to state a claim on which relief can be granted. This Court reviews that petition by treating the facts contained within it as true and construing those facts liberally in favor of the petitioner. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). Because Petitioner sufficiently alleged the elements necessary under section 452.375.5(5)(a), RSMo Supp.2011, to establish third-party custody, this Court reverses the decision of the circuit court and remands the case.

## I. Facts and Procedural History

During Petitioner's relationship with L.L. (Mother), she gave birth to a son, Child, in 2003.[1] They signed a pre-birth agreement providing that, among other things, Petitioner would give monetary support to Mother and Child, Mother would not list Petitioner on Child's birth certificate, Petitioner and Mother neither would assert nor deny that Petitioner was Child's father, and Petitioner would agree not to initiate or participate in any action seeking custody of Child. Over the years, Petitioner acted as Child's father, taking an active role in his life. The two spent time together, including holidays, traveled to Disney World, visited Petitioner's family in another state and took other short trips together.

Meanwhile, the relationship between Petitioner and Mother soured. Petitioner decided to take legal action to determine his custodial rights in 2007. He filed a petition for declaration of paternity, custody and visitation in the circuit court as Child's putative father. Eventually, Mother advised Petitioner that he was not Child's biological father and that the biological father was a Brazilian man. Mother did not know the man's last name or how to locate him.

The court, *sua sponte*, required Petitioner to take a DNA test to determine paternity. He took the test, which indicated that he was not Child's biological father. At that time, the appointed guardian ad litem (GAL) moved to dismiss Petitioner's petition for custody for failure to state a claim under the Uniform Parentage Act. The GAL's motion was premised on Petitioner not being biologically related to Child and Petitioner's claims of equitable parentage being unsupported by Missouri law. The circuit court agreed and dis-

---

1. Petitioner and Mother were never married.

missed the petition for failure to state a claim. Petitioner appealed to the court of appeals. The court of appeals reversed the circuit court and remanded to allow Petitioner to file his second amended petition under other theories of custody.

On remand, Petitioner filed his second, and later, third amended petition. In the petitions, he made allegations that Mother and the unknown biological father were unfit parents and sought a declaration of paternity, custody and visitation, for equitable relief, or, in the alternative, for appointment of a guardian and conservator. The third amended petition stated in part that:

Mother's acts establishing her unfitness include, but are not limited to, the following:

a. [Mother] is mentally unbalanced in that she has attempted suicide on at least two separate occasions;

b. [Mother] has been involuntarily committed to a psychiatric facility on at least one occasion;

c. On at least one occasion, [Mother] attempted suicide while minor children were in her home with her;

d. [Mother] has left town to travel overseas on at least one occasion leaving the minor child alone without making adequate provision for his care;

e. [Mother] has engaged in a course of conduct deliberately designed to destroy the strong father/child bond that has been established between [Petitioner] and the minor child all of which will cause serious and significant emotional harm to [Child];

f. [Mother]'s actions demonstrate [an] irrational disregard for the financial welfare of the minor child in that she spends enormous sums of money on personal clothing and personal items at a time when she has no employment and no visible means of support for herself and the child;

g. [Mother] irrationally chose an individual that she met over the internet as a father figure for the minor child, traveled overseas and married that individual about whom she had no background knowledge and who later proved to be dishonest and deceitful[;]

h. [Mother] has on at least three occasions made false hotline reports claiming that [Petitioner] was sexually abusing [Child] so as to sever all contact between [Child] and [Petitioner] in reckless disregard for the welfare of [Child];

i. On February 25, 2009 and despite her continued allegations of abuse by [Petitioner], [Mother], of her own volition, dropped Child off at the residence of [Petitioner]for an extended visit[;]

j. [Mother] has unilaterally severed all contact between [Petitioner] and [Child] after extensive and extended contact between [Petitioner] and [Child] despite being unequivocally informed by the court-appointed therapist for [Child] that it would be profoundly detrimental to [Child] for contact with [Petitioner] to again be severed.

. . . .

The petition also alleged that the unknown natural father was unfit to be a custodian for Child and referenced the lack of establishment of a parental bond and the lack of assertion of parental rights.

Mother filed a motion to dismiss the petition based on the same argument previously made by the GAL, that the petition failed to state a claim under the Uniform Parentage Act and that Missouri law did not support claims of equitable parentage. The circuit court granted the motion and dismissed the third amended petition in 2010. The dismissal was based upon Petitioner's failure to put forth a theory under

which Child's custody could be determined properly. This appeal followed.[2]

## II. Standard of Review

The standard of review for a circuit court's grant of a motion to dismiss is *de novo. Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). A motion to dismiss for failure to state a claim on which relief can be granted is an attack on the plaintiff's pleadings. *State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 329 (Mo. banc 2009). Such a motion is only a test of the sufficiency of the plaintiff's petition. *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 464 (Mo. banc 2001). "The facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs." *Lynch,* 260 S.W.3d at 836. The court makes no effort to weigh the credibility and persuasiveness of the facts alleged. *Bosch,* 41 S.W.3d at 464. Rather, "the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* In order to survive the motion, the petition must "invoke substantive principles of law entitling plaintiff to relief and ... ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." *State ex rel. Henley,* 285 S.W.3d at 329 (citations omitted).

## III. Analysis

At issue in this case is whether Petitioner's third amended petition was sufficient to allege the elements required to meet a cause of action for third-party custody. Section 452.375.5(5)(a) outlines factors to be considered in awarding a custody arrangement that is in the best interest of the child. Subsection 5(5)(a) specifically relates to awarding third-party custody or visitation. Third-party custody or visitation may be awarded "[w]hen the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child" so long as the court deems the other person or persons requesting custody "to be suitable and able to provide an adequate and stable environment for the child." *Id.*

Petitioner's petition was sufficient to allege that Mother was unfit to be a custodian. When reviewing the petition for sufficiency, this Court assumes that the allegations set forth are true and liberally grants the plaintiff reasonable inferences based on those allegations. *Bosch,* 41 S.W.3d at 464. Petitioner's allegations of unfitness made against Mother in his petition include, but are not limited to, suicide attempts, mental instability, conduct that would emotionally injure Child and the making of false hotline reports against Petitioner. While this Court makes no judgment as to the truth of these allegations, they are sufficient to allege that Mother is an unfit custodian. *See id.*

Petitioner's petition was also sufficient to allege that Child's unknown biological father was an unfit custodian. Petitioner alleged the unknown father's unfitness by stating: "The Unknown Natural Father is not fit to have the care, custody or control of [Child] having never established any parent/child bond with [Child] nor come forward to assert his rights as [Child]'s father." The petition later stated: "The unknown biological father of [Child] is unable to be a proper custodian for the minor child, [Child,] because his whereabouts are unknown and unascertainable." Again, while this Court

---

**2.** This Court has jurisdiction over this appeal pursuant to Mo. Const. art. V, sec. 10, as the case was taken on transfer after disposition by the court of appeals.

makes no determination as to the truth of Petitioner's allegations, when viewing those averments as true, this Court liberally must grant him the reasonable inferences that Mother and Child's biological father are unfit custodians. *See Lynch*, 260 S.W.3d at 836.

Section 452.375.5(5)(a) also requires that third-party custody be in the best interest of the child. Petitioner makes claims in his petition that, if true, would be sufficient to meet this requirement. Petitioner states he has had extensive contact with Child, they have established a strong and substantial parent/child bond, spent significant amounts of time together, traveled together, celebrated holidays together, and Petitioner is the only father Child has ever known. Additionally, the court-appointed therapist indicated that it would be profoundly detrimental to Child if contact between Petitioner and Child was severed again following a prior severance.

Further, Petitioner's petition alleged facts that indicated that he would be a suitable custodian and able to provide a stable environment for Child. Petitioner stated that: "[H]e is suitable and able to provide an adequate and stable home environment for [Child]." Petitioner went on to claim that he "can properly care for and raise [Child]." Petitioner has acted as Child's father and is the only father Child knows.

Petitioner's third amended petition was sufficient to meet the requirements of section 452.375.5(5)(a) because it alleged the unfitness of Child's biological parents and that awarding Petitioner custody of Child would be in Child's best interest. In addition to Petitioner's sufficient allegations of Mother's and the unknown father's unfitness, his petition to transfer custody sur-

vives a motion to dismiss because he alleges facts that the "welfare of the child requires" that custody be vested in a third party pursuant to section 452.372.5(5)(a). This Court does not weigh the credibility and persuasiveness of the facts Petitioner alleged in his petition but acknowledges that those facts meet the elements of section 452.375.5(5)(a), and for that reason, the petition will be reinstated. *Bosch*, 41 S.W.3d at 464.

## IV.  Conclusion

Under section 452.375.5(5)(a), Petitioner's third amended petition sufficiently alleged Mother's and the unknown father's unfitness and that granting custody to Petitioner would be in Child's best interest. Because Petitioner has alleged the statutory elements for third-party custody, the circuit court shall reinstate his third amended petition.[3] The judgment of the circuit court is reversed, and this case is remanded.

TEITELMAN, C.J.,
BRECKENRIDGE, FISCHER, STITH and DRAPER, JJ., concur.

---

3.  This Court makes no opinion as to Petitioner's equitable parentage arguments.