

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| IN THE MATTER OF S. J. M. | ) | No. ED101082 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| | ) | |
| | ) | |
| | ) | Honorable Phillip Ohlms |
| | ) | |
| | ) | Filed: January 20, 2015 |

## I. INTRODUCTION.

Nicholas Malawey (father) appeals the judgment of the Circuit Court of St. Charles County granting mother Margaret Kosowski's petition for appointment of guardianship of their son, S.M. In his sole point on appeal, father contends the probate court erred in entering the guardianship order when another circuit court had already exercised its authority to enter a judgment regarding the same issues and parties in a divorce proceeding. Father argues the guardianship order resulted in wasteful or inconsistent judgments. We reverse and remand for further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mother and father's marriage was dissolved in August of 2007. During their marriage, they had a son, S.M., who was born with Down Syndrome. In its judgment of

1

dissolution, the Circuit Court of St. Louis County granted mother and father joint legal custody of their son.

S.M. turned eighteen on February 7, 2013. On that same day, mother and stepfather, Karson Kosowski, filed a petition for appointment of guardian and conservator to obtain letters of guardianship for S.M. in the Probate Division of St. Charles County. Father filed a motion to dismiss for lack of subject matter jurisdiction. After hearing argument, the court denied the motion. Father filed a cross-petition for appointment of guardian and conservator.

On February 3, 2014, a bench trial was held at which all parties stipulated S.M. had a disability under the Probate Code and a need existed for guardianship. At the commencement of trial, father again raised the court's lack of subject matter jurisdiction and the court heard argument. Father alleged the parenting plan in the St. Louis County dissolution remained in full force and effect and, therefore, the entry of a judgment by the probate court could create conflicting orders. The court overruled the motion.

At the hearing, neither party produced a copy of the divorce decree to the court. However, details of the custody arrangement were outlined and uncontested: mother and father had joint legal custody; no modifications had been made to the custody portion of the decree; S.M. lived with his mother on weekdays and every other weekend; and, S.M. stayed with father on Wednesday evenings, every other weekend and for six weeks during the summer. Both parents made decisions for S.M.'s care. In addition, at the time of the hearing, although S.M. turned eighteen, he was currently in high school.

The court entered a judgment and order declaring S.M. a disabled and incapacitated person and appointed mother as S.M.'s guardian. The court denied step-

2

father's petition and father's cross-petition for guardianship. It found there was no need for letters of conservatorship at that time. This appeal by father followed.

### III. STANDARD OF REVIEW

"In a court-tried case, we will affirm the judgment below if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *Reppy v. Winters,* 351 S.W.3d 717, 720 (Mo. App. W.D. 2011) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence in the light most favorable to the trial court's judgment, disregarding all contrary inferences and evidence. *Woods ex rel. Woods v. Cory,* 192 S.W.3d 450, 458 (Mo. App. S.D. 2006). Although we give deference to the probate court's factual determinations, our review of any error in applying the law is *de novo*. *In the matter of J.L.B*, 280 S.W.3d 147, 152 (Mo. App. S.D. 2009).

### IV. DISCUSSION

In his sole point of error, father argues the probate court lacked "jurisdiction" because it erred in entering a guardianship order when the Circuit Court of St. Louis County had already exercised its authority to enter a judgment regarding the same issues and parties in a divorce proceeding. Specifically, he alleges the probate court entered an order which was inconsistent with the dissolution judgment in St. Louis County. We find the probate court had jurisdiction, but legally erred in entering a judgment conflicting with the dissolution judgment that was still in effect.

As a threshold matter, we will address father's allegation that the court "lack[ed] jurisdiction" and should have refused to act on the Petition for Guardianship.

The Supreme Court has clarified that "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009). "[P]ersonal jurisdiction refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Id.* at 253. Here, personal jurisdiction is proper as it is undisputed that all parties to this action are Missouri residents and appeared voluntarily before the court. *See id.* ("Even before *Pennoyer* [*v. Neff,* 95 U.S. 714 (1877)], the power of the state courts to exercise jurisdiction over persons within the state . . . was unquestioned.").

"Subject matter jurisdiction, in contrast to personal jurisdiction, is not a matter of a state court's power over a person, but the court's authority to render a judgment in a particular category of case." *Id.* at 253. "[T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution." *Id.* The Missouri Constitution specifically recognizes an associate circuit judge's jurisdiction to hear probate matters. Section 17, Article V, Missouri Constitution. "The probate division of the circuit court may hear and determine all matters pertaining to probate business, [including] . . . the appointment of guardians and conservators of minors and incapacitated and disabled persons . . . ." Mo. Rev. Stat. § 472.020.[1] The probate division has exclusive jurisdiction to hear guardianship cases. *McCoy v. Rivera,* 926 S.W.2d 78, 81 n. 2 (Mo. App. W.D. 1996).

We find father's argument that the probate court lacked "jurisdiction" and should have "refused to act" without merit. Here, the probate court has personal and subject

---

[1] All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

matter jurisdiction to appoint a guardian for a disabled person over the age of 18. Nevertheless, as father contends, the issue is whether the court legally erred as its order produced an inconsistent judgment. Father maintains the dissolution judgment of the St. Louis County Circuit Court was still in effect for child custody purposes and claims the probate court's order granting mother sole guardianship conflicted with the previous judgment granting parents joint legal custody.

"Many types of cases may present issues where more than one court properly has subject matter jurisdiction over the same matter or issue." *Kelly v. Kelly*, 245 S.W.3d 308, 312-13 (Mo. App. W.D. 2008). "One of the most common is the area of child custody." *Id.* at 313. "'In Missouri, the custody of a child may be adjudicated in at least five types of actions: (1) dissolution; (2) habeas corpus; (3) juvenile; (4) guardianship; and (5) paternity.'" *Id.* (quoting *In the Interest of Moreau*, 161 S.W.3d 402, 405-06 (Mo. App. S.D. 2005)). Either the probate division or a court hearing a dissolution of marriage issue can decide child custody. Sections 452.375.5(5), 472.020, and 475.030.4; *Kelly*, 245 S.W.3d at 313. "Where multiple courts have subject matter and personal jurisdiction over the issue and the parties, a court commits an error of law if exercising its authority to enter a judgment in the case results in wasteful duplication or inconsistent judgments." *In re J.M.J.*, 404 S.W.3d 423, 430 (Mo. App. W.D. 2013). "It is axiomatic that inconsistent judgments cannot ordinarily exist together." *Kelly*, 245 S.W.3d at 314.

Because both the probate and dissolution court had personal and subject matter jurisdiction and issued orders concerning custody, the pertinent issue is whether the probate court's order conflicted with the parenting plan in the dissolution judgment. Before we reach the question of whether the orders were inconsistent, we must determine

whether the custody provision included in the 2007 dissolution was still in effect when the probate court rendered its judgment in 2014. As S.M. had turned eighteen and was enrolled in high school, this necessitates a consideration of whether S.M. was emancipated for purposes of custody in the dissolution judgment.

In *Scruggs v. Scruggs*, 161 S.W.3d 383 (Mo. App W.D. 2005), the court determined the emancipation provisions pertaining to support in section 452.340.3 applied to "initial custody orders in dissolution proceedings, under § 452.375, as well as modifications of those orders, under § 452.410, such that the age of majority for purposes of *custody* would be the same as for support." Section 452.340.3 addresses emancipation as follows:

> Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child: . . .
> (5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply . . . .

In subsections 4 and 5, the legislature carved out two exceptions where parental support continues beyond a child's eighteenth birthday. The *Scruggs* court extended these exceptions to custody, concluding, pursuant to section 452.340.3, a child reaches the age of majority for purposes of child custody at age 18, unless the circumstances of section 452.340.4 or section 452.340.5 apply. *Id.* at 392. The exception under section 452.340.5 applies when "a child reaches age eighteen . . . [and] is enrolled in and attending a secondary school program of instruction . . . ."[2]

---

[2] The relevant portion of section 452.340.5 is as follows:

> If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said

6

Here, it was undisputed at trial that S.M. was 18 and still attending high school. Thus, under *Scruggs*, the exception under section 452.340.5 applied and S.M. was not emancipated for purposes of the dissolution custody provisions of Chapter 452. Moreover, as S.M. was not emancipated, the provisions of the divorce judgment relating to custody were not yet terminated when the probate court entered its judgment and order.

Because both courts had jurisdiction of the same subject matter and the dissolution was still in effect with respect to custody, the question becomes whether the probate court's order was inconsistent with the dissolution judgment.

At the probate hearing, although the divorce judgment was not provided to the court, S.M.'s parents testified that they shared joint legal custody of S.M. pursuant to the dissolution. Further, they indicated they understood the concept of joint legal custody and that the court had allocated rights and responsibilities to both of them. Both parents had communicated and made decisions for S.M. since the divorce.

Father argues that the probate court's judgment stripped him of his right to share in the decision making for S.M. and granted mother sole decision-making authority. To determine whether the grant of guardianship to mother was inconsistent with joint legal custody, we must examine the respective statutes. Section 475.120 of the probate code defines the duties of a guardian as follows:

> The general powers and duties of a guardian of an incapacitated person shall be to take charge of the person of the ward and to provide for the ward's care, treatment, habilitation, education, support and maintenance; and the powers and duties shall include, but not be limited to, the following:

---

> program, until the child completes such program or reaches age twenty-one, whichever first occurs.

7

(1) Assure that the ward resides in the best and least restrictive setting reasonably available;

(2) Assure that the ward receives medical care and other services that are needed;

(3) Promote and protect the care, comfort, safety, health, and welfare of the ward;

(4) Provide required consents on behalf of the ward;

(5) To exercise all powers and discharge all duties necessary or proper to implement the provisions of this section.

On the other hand, "joint legal custody" means that "the parents share the decision-making rights, responsibilities and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities and authority." Section 452.375.1(2).

Although the grant of guardianship to mother allows her to make decisions with father, it does not require her to share general powers and duties with him. As guardian, mother has authority to "take charge of" S.M. and "exercise all powers . . . necessary" to "provide for [his] care, treatment, habilitation, education, support and maintenance." In contrast, the divorce judgment called for *shared* decision-making, responsibilities and authority, and required that parents "shall confer." As such, we find the judgments are inconsistent as to which party makes decisions for S.M. We hold the probate court legally erred in entering a judgment conflicting with the dissolution that was still in effect. *See Kelly*, 245 S.W.3d at 314 ("[I]t was simply legally erroneous to enter a conflicting judgment while another . . . judgment involving the same issue [was] still in effect.").

8

## V. CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.

_____
Angela T. Quigless, C.J.

Glenn A. Norton, J., Concurs in the opinion of Chief Judge Quigless and the separate concurring opinion of Judge Richter

Roy L. Richter, J., Concurs in separate opinion



# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

IN THE MATTER OF:  S.J.M.         )   No. ED101082

Appellants,      )   Appeal from the Circuit Court
of St. Charles County

Honorable Phillip Ohlms

Filed: January 20, 2015

## CONCURRING OPINION

I reluctantly concur in the result reached, as we are constrained by the analysis in <u>Scruggs</u>

<u>v. Scruggs</u>, 161 S.W.3d 383 (Mo. App W.D. 2005), which holds that child custody and child support

are subject to the same temporal limits.  If <u>Scruggs</u> is followed, the dissolution decree will govern

custody and support for the life of S.M.   Section 452.340 RSMo[1] states:

> 3. Unless the circumstances of the child manifestly dictate otherwise and the court
> specifically so provides, **the obligation of a parent to make child support**
> **payments shall terminate when the child:**
>
> (1) Dies;
> (2) Marries;
> (3) Enters active duty in the military;
> (4) Becomes self-supporting, provided that the custodial parent has relinquished
> the child from parental control by express or implied consent;
> **(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this**
> **section apply**; or

---

[1] All statutory references are to RSMo 2000 as supplemented.

(6) Reaches age twenty-one, unless the provisions of the child support order **specifically extend the parental support order past the child's twenty-first birthday for reasons provided by subsection 4** of this section.

**4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.**
(emphasis added).

While the principal opinion focuses on Section 452.340.5, I believe that Section 452.340.4 (above) is the operative portion of the statute. The parties agree that S.M. is physically or mentally incapacitated from supporting himself, and will remain insolvent and unmarried. The parties agree that S.M. needs a guardian, as both filed petitions to be appointed S.M.'s guardian. The rationale of Scruggs leads to the inescapable conclusion that if the dissolution court extends the parental support obligation (which would also extend the custody order), there will never be the need for a guardianship proceeding, as the custody provisions of the dissolution judgment will control custody as well as parental support obligations for as long as is the support obligation is extended. Inasmuch as the Scruggs opinion holds that support and custody go hand-in-hand, it is clear that under the facts of this case, S.M. will never be emancipated, and the issues of support (and therefore, custody) will forever be governed by the terms of the parties' dissolution decree. Unanswered is whether medical professionals are willing to accept a dissolution decree rather than a guardianship order to authorize care for someone over the age of 18 who is unable to provide knowing consent for treatment. Resolution of the question of whether child custody and child support are "co-extensive" and the determination of when a disabled or incapacitated person is no longer a "child" and therefore subject to the guardianship provisions of the probate code is one that must be answered by the Legislature.

ROY L. RICHTER, Judge

2