

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| MARY HANSON and DAVID HANSON, | ) | ED103530 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1522-FC00797 |
| | ) | |
| MARGARET CARROLL and, | ) | Honorable Christopher E. McGraugh |
| BRIDGET CARROLL | ) | |
| | ) | |
| Respondents. | ) | Filed: November 22, 2016 |

## Introduction

Mary Hanson and David Hanson (together, Grandparents) appeal from the judgment of the circuit court dismissing their motion for visitation and custody of their minor grandchild, R.C.H., over whom Margaret Carroll and Bridget Carroll (together, Guardians) have guardianship. We reverse and remand for further proceedings.

## Facts and Background

R.C.H. was born in 2007. The probate court appointed Margaret Carroll, his maternal great-grandmother, as guardian of R.C.H. in 2009 upon her motion, and appointed Bridget Carroll, R.C.H.'s maternal aunt, as co-guardian in 2014. In 2015, Grandparents filed this petition[1] for

---

[1] Grandparents previously petitioned for and were denied visitation under Section 452.402 in 2011 and again in 2012. Grandparents also filed a motion in probate court to remove Guardians and appoint a successor guardian, but the probate court dismissed the motion for lack of standing because Grandparents were not interested parties to the probate matter. This Court upheld the probate court's dismissal in In re R.C.H., 419 S.W.3d 158 (Mo. App. E.D. 2013).

visitation and custody in the circuit court, citing Chapter 452[2] generally. The petition alleged that "it is in the best interest of the Minor Child and the welfare of the Minor Child requires that [Grandparents] continue to be a part of the Minor Child's life and that [Grandparents] and [Guardians] should be granted joint physical and joint legal custody of the Minor Child." Grandparents asserted that they were the paternal grandparents of R.C.H. and that, since R.C.H.'s birth, they had had liberal custody and visitation with him, nurtured him and supported him financially, developed a strong bond with him, and established a parent/child relationship with him. Since Guardians were granted guardianship over R.C.H., Guardians had discontinued R.C.H.'s contact with Grandparents.

Guardians moved to dismiss the petition for lack of standing and for failure to state a claim, arguing Grandparents failed to meet the statutory requirements of Section 452.402.1 for grandparent visitation. At a hearing on the motion to dismiss, the parties made arguments concerning grandparent visitation under Section 452.402 and third-party visitation under Section 452.375.5(5), and Grandparents abandoned their claim for joint custody. The circuit court dismissed the petition, ruling that Grandparents had not stated a claim upon which relief could be granted under either Section 452.402 or Section 452.375.5(5). The dismissal was with prejudice. The court did not rule on the standing issue. This appeal follows. Grandparents appeal only the circuit court's dismissal of their petition for failure to state a claim under Section 452.375.5.

## Discussion

Guardians have filed a motion to dismiss the pending appeal, arguing that Grandparents lack standing both below and on appeal. "Where … a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive

---

[2] All statutory references are to RSMo. (cum. supp. 2011), unless otherwise indicated.

issues." White v. White, 293 S.W.3d 1, 8 (Mo. App. W.D. 2009) (citation omitted). Standing is a jurisdictional matter that requires courts to determine whether the party seeking relief has a legally cognizable interest in the subject matter and, if so, whether that interest is threatened with actual injury. Id.; Matter of Adoption of E.N.C., 458 S.W.3d 387 (Mo. App. E.D. 2014). We resolve standing as a matter of law based on the petition and the undisputed facts. White, 293 S.W.3d at 8.

Guardians here argue that because Grandparents did not bring their petition for visitation within the context of a pending custody determination they do not have standing under Section 452.375.5. We disagree. The law in Missouri was previously that a third party could not seek custody under Section 452.375.5 except in the context of an ongoing custody determination. See, e.g., White, 293 S.W.3d at 21 (holding that "[n]either our statutes nor our case law remotely suggest that any third party that comes along has standing to bring an action seeking custody of children"). However, the Missouri Supreme Court in In re T.Q.L., 386 S.W.3d 135 (Mo. banc 2012), allowed the petitioner, who had believed that he was the biological father of the minor child until DNA testing revealed he was not, to amend his action for paternity and custody to state a claim for third-party custody over the minor child pursuant to Section 452.375.5(5). Id. at 139.

Missouri courts have since interpreted In re T.Q.L. as establishing the right of a third party to file an independent action seeking child custody and visitation. See McGaw v. McGaw, 468 S.W.3d 435, 444-45 (Mo. App. W.D. 2015) (Section 452.375.5(5) "provides a basis for a nonbiological parent to commence an action seeking child custody and visitation"); D.S.K. ex rel. J.J.K. v. D.L.T., 428 S.W.3d 655, 660 n.7 (Mo. App. W.D. 2013) ("[p]ursuant to T.Q.L., an independent action for third-party custody is permissible"). The Western District in McGaw specifically noted that the narrow construction of Section 452.375.5(5) espoused in White was

3

"necessarily overruled" by the Missouri Supreme Court's decision in In re T.Q.L. McGaw, 468 S.W.3d at 444.[3]

Following In re T.Q.L., as we must,[4] we find that Grandparents here are entitled to seek third-party custody and visitation under Section 452.375.5(5) in an independent action, and thus they have standing to appeal from the denial of their petition. Guardians' motion to dismiss the appeal and for sanctions is denied.

## Point I

In their first point on appeal, Grandparents argue the circuit court erred in dismissing their petition because they stated a claim for custody and visitation under Section 452.375. We agree.[5]

---

[3] Guardians in their Respondent's Brief relied on In Matter of Adoption of C.T.P., 452 S.W.3d 705, 720 & n.33 (Mo. App. W.D. 2014) (citing White v. White, 293 S.W.3d 1, 21 (Mo. App. W.D. 2009)), to argue that In re T.Q.L. had not been interpreted to provide an independent cause of action under Section 452.375.5. (Resp. Br. at 9.) However, the Western District in McGaw v. McGaw, 468 S.W.3d 435, 444-45 (Mo. App. W.D. 2015) noted that while C.T.P. had previously expressed reservations about In re T.Q.L., Missouri appellate courts "are constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." McGaw, 468 S.W.3d at 445 (citation and internal quotation marks omitted). McGaw specifically noted that "T.Q.L. necessarily overruled White's construction of § 452.375.5(5)." McGaw, 468 S.W.3d at 444. We note that Guardians here relied on both C.T.P., which was decided on different grounds, and White, which has been overruled in this context, but failed to discuss McGaw, which is on point.

[4] This Court's recent decision in In the Matter of the Adoption of E.N.C., 458 S.W.3d 387 (Mo. App. E.D. 2014), is not inconsistent with our decision here. There, the paternal grandmother sought to intervene in a pending step-parent adoption case proceeding under Chapter 453 for the purpose of obtaining visitation with the minor child under the provisions of Chapter 452. This Court held that the grandmother had no right to intervene in the adoption case, because, inter alia, Section 452.375.5 had no application in an adoption proceeding brought pursuant to Chapter 453. This Court did not address whether the grandmother could file an independent action for third-party custody and visitation pursuant to Section 452.375.5(5) in light of the Missouri Supreme Court's decision in In re T.Q.L., 386 S.W.3d 135 (Mo. banc 2012). While Guardians argue that E.N.C. holds that grandparents may only raise Section 452.375.5 as part of a pending dissolution, we note that the Missouri Supreme Court has recognized a third party's right to bring an action under Section 452.375.5(5) outside of the dissolution context. See In re T.Q.L., 386 S.W.3d at 139; see also McGaw v. McGaw, 468 S.W.3d 435, 444-45 (Mo. App. W.D. 2015); D.S.K. ex rel. J.J.K. v. D.L.T., 428 S.W.3d 655, 660 n.7 (Mo. App. W.D. 2013) (noting that although ex-husband of minor child's biological mother could not intervene in pending paternity action, he could bring separate action for third-party custody and visitation under Section 452.375.5(5)). "We are constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." McGaw, 468 S.W.3d at 445.

[5] In their second point on appeal, Grandparents argue the circuit court erred in dismissing their petition with prejudice. Because we grant Grandparents' Point I and reverse for further proceedings on Point I, it is unnecessary to reach Point II.

We review *de novo* a trial court's dismissal for failure to state a claim. White, 293 S.W.3d at 8. A petition states a cause of action if it sets forth any set of facts that would entitle the plaintiff to relief, if proven. Id. We review the petition in the light most favorable to the plaintiff. Whipple v. Allen, 324 S.W.3d 447, 449 (Mo. App. E.D. 2010).

Initially, we address Guardians' allegation on appeal that the probate court had exclusive jurisdiction over custody of R.C.H. because the custody action had originated there, and thus that the circuit court had no jurisdiction to decide visitation and custody under the concurrent-jurisdiction doctrine. Guardians are incorrect. Concurrent jurisdiction is a phrase "describing the legal reality that more than one court has the legal authority to decide a matter." Kelly v. Kelly, 245 S.W.3d 308, 313 (Mo. App. W.D. 2008).[6] Jurisdiction by one court does not necessarily deprive another court of jurisdiction. Id. "Many types of cases may present issues where more than one court properly has subject matter jurisdiction over the same issue. One of the most common is the area of child custody." Id. at 312-13. A court has subject matter jurisdiction if it has authority to judge the type of issue presented. The circuit court here had the authority to judge Grandparents' petition for third-party visitation and custody under Section 452.375.5. See In re T.Q.L., 386 S.W.3d at 139.

To the extent Guardians argue that the circuit court here lacked jurisdiction because any judgment granting visitation and custody to Grandparents would necessarily conflict with the probate court's judgment granting guardianship to Guardians, we disagree. It is true that courts

---

[6] Guardians cite to In re Moreau, 161 S.W.3d 402 (Mo. App. S.D. 2005), which is inapposite here. In re Moreau addressed a situation where the father—after being declared unfit and the grandparents given guardianship over the minor child in probate court—simultaneously filed a petition in circuit court for custody and a petition in probate court to terminate the guardianship. Id. at 404-05. The Southern District held that while both the probate court and the circuit court had subject matter jurisdiction over the respective petitions, "[t]he problem here [was] that an attempt was made to litigate [the minor child's] custody in both types of proceedings simultaneously." Id. at 406. It was because the father filed two petitions at the same time in different courts involving the same parties and the same issue that the court held both cases could not proceed. Simultaneous filings are not at issue here, and thus In re Moreau does not apply to our analysis in this case.

5

with concurrent jurisdiction may not enter conflicting judgments, but conflicting judgments implicate errors of law, not jurisdiction—"which is the power [of a court] to hear a particular type of case." See Kelly, 245 S.W.3d at 315. Moreover, a grant of visitation would not necessarily conflict with the probate court's grant of guardianship. It is not that the probate court considered and rejected awarding visitation and custody to Grandparents; rather, once the guardianship order was in place, the probate court did not have the authority to grant visitation and custody to Grandparents, who, because they were not interested parties, lacked standing in the probate matter. See In re R.C.H., 419 S.W.3d 158, 160-61 (Mo. App. E.D. 2013).

Turning to Grandparents' Point I, they assert that they properly stated a claim for custody and visitation under Section 452.375. Section 452.375.5 provides that:

> Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:
> …
> (5) Third-party custody or visitation:
> (a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interest of the child, then custody, temporary custody or visitation may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child.

Grandparents' petition here cited Chapter 452 and alleged: "it is in the best interest of the Minor Child and the welfare of the Minor Child requires that [Grandparents] continue to be a part of the Minor Child's life and that [Grandparents] and [Guardians] should be granted joint physical and joint legal custody of the Minor Child." For support, Grandparents alleged a history of liberal custody and visitation and of emotional and financial support, resulting in a close relationship with R.C.H. that amounted to a parent/child relationship. We make no statement about the accuracy of

6

Grandparents' allegations but merely analyze whether they stated a claim upon which relief could be granted.

A petition must contain a "short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R. Civ. P. 55.05 (2016). In Missouri, a plaintiff is required to plead facts sufficient "to enable a person of common understanding to know what is intended." Whipple, 324 S.W.3d at 449. A plaintiff, however, "is not obligated to cite or refer to a statute or to use the terms of the statute literally." Barry v. Barrale, 598 S.W.2d 574, 577 (Mo. App. E.D. 1980). While Grandparents here referred to "Section 452" rather than to Section 452.375.5 specifically, their petition contained the exact language of Section 452.375.5(5); namely, that visitation and custody with Grandparents and Guardians both was "in the best interest of the Minor Child and the welfare of the Minor Child require[d]" it. These pleadings were sufficient to place Guardians on notice that Grandparents were petitioning for third-party custody and visitation under Section 452.375.5(5).

The circuit court held that Grandparents failed to state a claim under Section 452.375.5(5) because they failed to allege that the parents are unfit. However, a plaintiff seeking third-party custody or visitation is not required to allege the parents are unfit. Rather, the statute provides the court shall consider third-party custody or visitation "[w]hen the court finds that each parent is unfit, unsuitable, or unable to be a custodian, *or the welfare of the child requires*, and it is in the best interest of the child." Section 452.375.5(5) (emphasis added).

When construing a statute, we give effect to the legislative intent as reflected in the plain language of the statute. Brinker Mo., Inc. v. Dir. of Rev., 319 S.W.3d 433, 437-38 (Mo. banc 2010). The plain language of the statute here allows a court to award third-party custody or visitation when the welfare of the child requires it and it is in the best interest of the child. See,

7

e.g., Jones v. Jones, 10 S.W.3d 528, 538-39 (Mo. App. W.D. 1999) (affirming grant of third-party custody to maternal grandmother on basis that "the welfare of the child require[d]" it, although father was not found to be unfit). A third party seeking custody or visitation need not allege the parents are unfit. See McGaw, 468 S.W.3d at 433. Thus, we find that Grandparents' petition alleged each element necessary to state a claim under Section 452.375.5(5) for third-party custody and visitation, and that the circuit court erred in dismissing their petition.

Last, to the extent Guardians argue that Grandparents may not proceed under Section 452.375.5(5) because the "grandparent visitation" statute of Section 452.402 provides their sole avenue for relief, we disagree.[7] The plain language of Section 452.375.5 provides that "any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child" may be granted third-person custody or visitation. When construing a statute, we give effect to the legislative intent as reflected in the plain language of the statute. Brinker, 319 S.W.3d at 777. The statute expressly states that a court may award "any ... person" third-party custody and visitation, if it is in the best interest of the child. The foremost concern of this Court is always the best interest of the child, and we decline to interpret Missouri statutes in a manner that limits the court's ability to determine what is in the best interest of the minor child.

Point I is granted.

---

[7] We recognized that this Court in E.N.C. suggested that grandparents should not be able to pursue visitation under Section 452.375. 458 S.W.3d at 403. However, we note that E.N.C. addressed a paternal grandmother's attempt to seek visitation with the minor child by way of Section 452.375.5 after her son, the biological father, voluntarily terminated his parental rights to the minor child as part of a step-parent adoption. This Court held that Section 452.375.5 was not applicable in adoptions under Chapter 453. Id. at 403-04. A grandparent's rights in an adoption case where the parental rights of the grandparent's adult child has been terminated, thus severing the legal link between the minor child and grandparent involves a different analysis than the one before us here.

## Conclusion

We reverse the judgment of the circuit court and remand for further proceedings in accordance with this opinion.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

9