Mary **HANSON** and David
**Hanson, Appellants,**

v.

Margaret **CARROLL** and Bridget
**Carroll, Respondents.**

No. SC 96179

Supreme Court of Missouri,
en banc.

Opinion issued September 12, 2017

The paternal grandparents were represented by Lawrence G. Gillespie of Gillespie, Hetlage & Coughlin LLC in Clayton, (314) 863-5444.

The maternal great-grandmother and great-aunt were represented by David M. Slaby and Aaron L. Rankin of Paule, Camazine & Blumenthal PC in St. Louis, (314) 727-2266.

George W. Draper III, Judge

Mary and David Hanson (hereinafter and collectively, "Grandparents") appeal the circuit court's judgment dismissing their petition for visitation and custody of their grandson, R.H.C. (hereinafter, "Child"), over whom Margaret Carroll (hereinafter, "Carroll") and Bridget Carroll (hereinafter and collectively, "Guardians") have guardianship. This Court holds Grandparents' petition fails to state a claim upon which relief can be granted because their petition does not set forth the requisite elements of grandparent visitation under section 452.402.[1] This Court further holds Grandparents cannot state a cause of action under section 452.375.5(5)(a) for custody or visitation when letters of guardianship, which granted custody with full powers as provided by law, have been issued by the probate division. This Court affirms the circuit court's judgment dismissing Grandparents' petition.[2]

**Factual and Procedural History**

Child was born February 13, 2007. The parties have been entangled in protracted litigation since shortly after Child's second birthday. In March 2009, Carroll filed a petition for appointment of guardianship over Child. Grandparents' son and Child's father, John Hanson (hereinafter, "Fa-

ther"), was a party to the proceeding and sought a determination of paternity, which was confirmed by DNA testing. Father opposed Carroll's petition for guardianship and sought to remain Child's natural guardian. Carroll's granddaughter and Child's mother, Maire Carroll (hereinafter, "Mother"), consented to the guardianship, filing pleadings in which Mother stated she was unfit, unable, and unwilling to serve as Child's natural guardian. Grandparents supported Father's efforts to remain Child's natural guardian but did not seek guardianship for themselves.

On December 9, 2009, the probate division determined Mother and Father were unfit, unable, and unwilling to serve as Child's natural guardians. The probate division issued Carroll letters of guardianship, finding she was a suitable guardian, and it would be in Child's best interest that she be appointed his guardian. Subsequent to the probate division's guardianship award, Grandparents filed motions to intervene and to amend the guardianship judgment. The probate division overruled both motions. Neither Grandparents nor Father appealed the probate division's judgment.

In February 2010, Grandparents filed a petition for visitation and child custody pursuant to section 452.402. Carroll filed a motion to dismiss. The circuit court dismissed Grandparents' petition for failure to state a claim because it did not meet the statutory requirements for grandparent visitation under section 452.402. The circuit court noted Grandparents could have been heard on this issue had they filed their own petition for guardianship in the probate court. Grandparents did not appeal this judgment.

---

1. All statutory references are to RSMo Supp. 2011, unless otherwise indicated.

2. This Court has jurisdiction pursuant to Mo. Const. art. V, sec. 10.

In February 2012, Grandparents filed another petition for grandparent visitation pursuant to section 452.402. Carroll again moved to dismiss the petition. The circuit court sustained Carroll's motion to dismiss for failure to state a claim, finding Grandparents could not meet the statutory requirements of section 452.402. Grandparents did not appeal this judgment.

In June 2012, Grandparents returned to probate division and filed a petition to remove Carroll as guardian and to appoint a successor guardian.[3] Carroll filed a motion to dismiss. The probate court entered a judgment dismissing Grandparents' petition for lack of standing, finding Grandparents were not "interested parties" under the guardianship statutes.[4] The probate division noted its prior judgment did not grant Grandparents any rights—including visitation—to Child that would vest them with standing to pursue the petition. Grandparents appealed, but their appeal was dismissed for lack of standing. *In re R.C.H.*, 419 S.W.3d 158 (Mo. App. E.D. 2013).

In April 2014, Carroll's daughter, Bridget Carroll, sought to be appointed as Child's co-guardian. Grandparents filed a motion to intervene, which the probate division overruled, finding they lacked legal standing and relying on *R.H.C.* for support. The probate division issued letters of guardianship to Bridget Carroll to serve as Child's co-guardian shortly thereafter. Grandparents did not appeal.

In March 2015, Grandparents filed a third petition for visitation and custody of Child, which is before this Court for review. Grandparents' third petition alleged that, since Child's birth, Grandparents have had liberal custody and visitation with Child and have interacted with Child as grandparents. Grandparents stated they have nurtured, loved, and developed a strong bond with Child. Grandparents averred Child lived with them at their residence, and they otherwise have spent significant time with Child. Grandparents alleged it was in Child's best interest and Child's welfare required Grandparents to continue to be a part of Child's life through scheduled visitation. Grandparents requested joint physical and legal custody of Child pursuant to chapter 452 generally. Guardians moved to dismiss the petition for lack of standing and for failure to state a claim upon which relief could be granted

---

3. Section 475.110, RSMo Supp. 2002, provides for removal of a guardian under certain circumstances. Grandparents did not specify in their petition if they were proceeding under section 475.110. However, Grandparents did not request visitation in the probate division under the provision of this section in their removal action. The issue of whether the probate division could have awarded visitation pursuant to this section is not before this Court today.

4. The probate division stated it had authority to hold a hearing on this issue pursuant to section 475.082.5, RSMo 2000, which provides in pertinent part:

> If it appears to the court as part of its review or at any time upon motion of any interested person, including the ward ... or some person on his [or her] behalf, that the

guardian ... is not discharging his [or her] responsibilities and duties as required by this chapter or has not acted in the best interests of his ward ..., the court may order that a hearing be held and direct that the guardian ... appear before the court. .... At the conclusion of the hearing, if the court finds that the guardian ... is not discharging his [or her] duties and responsibilities as required by this code, or is not acting in the best interests of the ward ..., the court shall enter such orders as it deems appropriate under the circumstances.

Because Grandparents only sought to remove Carroll as guardian, the probate division did not need to determine whether visitation would be an appropriate order under these circumstances.

because Grandparents could not meet the statutory requirements of section 452.402.

After a hearing, the circuit court dismissed Grandparents' petition with prejudice. The circuit court noted Grandparents stated at the hearing they abandoned their claim for custody and limited their request to visitation only. The circuit court summarized the prior litigation and found there was no pending action under chapter 452 regarding Child's custody. The circuit court held none of the provisions of section 452.402 applied, and Grandparents could not maintain an original cause of action under section 452.375.5(5)(a) based on the facts alleged in their petition. Grandparents now appeal.

## Standard of Review

■ This Court reviews *de novo* a circuit court's judgment dismissing an action for failure to state a claim upon which relief can be granted. *In re T.Q.L.*, 386 S.W.3d 135, 139 (Mo. banc 2012). A motion to dismiss for failure to state a claim tests solely the adequacy of Grandparents' petition. *Id.* This Court reviews the petition to determine whether Grandparents alleged facts that "meet the elements of a recognized cause of action or of a cause that might be adopted in that case." *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 161 (Mo. banc 2016). This Court assumes the facts alleged in the petition are true and all inferences from those facts are construed broadly in Grandparents' favor. *T.Q.L.*, 386 S.W.3d at 139.

## Grandparent Visitation under Section 452.402

■ Although Grandparents' third petition sought custody and visitation rights regarding Child, Grandparents abandoned their claim for custody at the hearing on Guardians' motion to dismiss and do not raise that issue on appeal. Accordingly, this Court will review the adequacy of Grandparents' petition to determine whether they have stated a cause of action for grandparent visitation.

Section 452.402 governs grandparent visitation. A circuit court may grant grandparents reasonable visitation when: (1) "The parents of the child have filed for a dissolution of their marriage[;]" or (2) "One parent of the child is deceased and the surviving parent denies reasonable visitation to a parent of the deceased parent of the child[;]" or (3) "The child has resided in the grandparent's home for at least six months within the twenty-four month period immediately preceding the filing of the petition[;]" *and* (4) "A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days." Section 452.402.1(1-4) (emphasis added).

Grandparents did not plead any facts to support any of the statutory requirements of section 452.402 in their petition. Grandparents also failed to reference or cite the statute in their petition. Further, Grandparents' appellate filings do not argue or attempt to justify their pleadings based on section 452.402. The circuit court correctly held Grandparents' petition did not state a claim for relief under section 452.402.

## Grandparent Visitation under Section 452.375.5(5)

■ Grandparents argue section 452.402 does not provide the exclusive means for them to seek visitation with Child. Grandparents allege they are entitled to bring an independent action under section 452.375.5(5), pursuant to this Court's holding in *T.Q.L.*, to adjudicate their visitation rights. Section 452.375.5(5) provides, "Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider ... [t]hird-party custody or visitation." A circuit court

may award third-party custody or visitation

> [w]hen the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child, then custody, temporary custody or visitation may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child.

Section 452.375.5(5)(a).

In *T.Q.L.*, this Court held a petitioner sufficiently alleged the elements necessary under section 452.375.5(5)(a) to establish third-party custody of a child whom he believed was his biological son. *T.Q.L.*, 386 S.W.3d at 137. The petitioner originally filed a petition for declaration of paternity, custody, and visitation. The mother advised the petitioner he was not the child's biological father, and DNA testing confirmed mother's assertion. *Id.* at 137. The petitioner's paternity action was dismissed, and he was granted leave to amend his petition to assert other theories of custody. *Id.* at 137-38. The petitioner's amended petition alleged mother and the unknown biological father were unfit parents and sought a declaration for custody and visitation, along with appointment of a guardian. *Id.* at 138. This Court held the petitioner's amended petition was sufficient under section 452.375.5(5)(a) because it alleged: (1) the unfitness of the child's biological parents; (2) awarding the petitioner custody would be in the child's best interests; and (3) there were sufficient facts pleaded that the welfare of the child required custody be vested in a third party pursuant to the statute. *Id.* at 140.

Guardians allege Grandparents cannot initiate an independent action outside of a pending custody matter because the probate division already determined custody

and this case arises outside of a dissolution proceeding. This Court recognizes that, since *T.Q.L.* was decided, appellate courts have interpreted its holding to permit a nonbiological parent or third-party to initiate an independent proceeding for third-party custody outside the parameters of a pending custody proceeding. *See, e.g., D.S.K. ex rel. J.J.K. v. D.L.T.*, 428 S.W.3d 655, 659-60 (Mo. App. W.D. 2013) (holding that husband who was excluded from paternity of children and could not intervene in a paternity action to obtain custody would be able to bring an independent action per *T.Q.L.*); *McGaw v. McGaw*, 468 S.W.3d 435, 445 (Mo. App. W.D. 2015) (suggesting same-sex partner could maintain an independent action for custody and visitation under *T.Q.L.*); *cf., In the Matter of Adoption of C.T.P.*, 452 S.W.3d 705, 720 (Mo. App. W.D. 2014) (expressing reservations whether this Court's construction of section 452.375.5(5) in *T.Q.L.* authorizes a third party to initiate original proceedings to determine child custody or visitation). None of these cases, however, involve a situation where letters of guardianship have been issued.

█ Missouri courts have acknowledged child custody is one of the most common areas of law in which more than one court could properly have subject matter jurisdiction. *See In re S.J.M.*, 453 S.W.3d 340, 344 (Mo. App. E.D. 2015); *Kelly v. Kelly*, 245 S.W.3d 308, 312-13 (Mo. App. W.D. 2008); *In re McGlaughlin*, 885 S.W.2d 33, 34-35 (Mo. App. S.D. 1994). "In Missouri, the custody of a child may be adjudicated in at least five types of actions: (1) dissolution; (2) habeas corpus; (3) juvenile; (4) guardianship; and (5) paternity." *Kelly*, 245 S.W.3d at 313. Missouri courts have also recognized a circuit court legally errs when it enters a conflicting judgment or order with respect to a preexisting child

custody order or judgment from another court. *Id.* at 316.

Here, Guardians were issued letters of guardianship as to Child. The judgment granting guardianship provided that Guardians "have custody of [Child] with full power as provided by law." Section 475.120.1 provides: "The guardian of the person of a minor shall be entitled to the custody and control of the ward and shall provide for the ward's education, support and maintenance." Guardians, therefore, have control over the custody of Child, which encompasses control over visitation by others like Grandparents.

In their third petition, Grandparents sought third-party visitation pursuant to section 452.375.5(5)(a). Any order or judgment granting Grandparents third-party visitation under that section would necessarily conflict with Guardians' custody of Child pursuant to the letters of guardianship in effect at the time Grandparents filed their petition.

The plain language of section 452.375.5(5) is not applicable to a situation in which a probate division previously has issued letters of guardianship over the child or children at issue. Subsection 5 instructs: "Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows[.]" Section 452.375.5. It then enumerates several custody arrangements involving the parents. *See* section 452.375.5(1)-(4). Only then does it list third-party custody or visitation, which requires a finding that either "each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child." Section 452.375.5(5)(a). The language and context of section 452.375.5 shows that the legislature intended third-party custody or visitation referenced in subparagraph (5)(a) as an alternative consideration to parental custody. But, in situations such as this, when letters of guardianship have been issued and a custody award as to a child already exists, parental custody is not at issue. Consequently, Grandparents could not state a cause of action under section 452.375.5(5)(a) for custody or visitation under the facts and circumstances of this case.

### Conclusion

The circuit court's judgment dismissing Grandparents' petition because neither section 452.402 nor 452.375.5(5)(a) could provide relief in this case is affirmed. This Court need not address Grandparents' challenge to the circuit court's dismissal with prejudice because the finding that they cannot state a cause of action for visitation under section 452.402 or 452.375.5(5)(a) would otherwise preclude them from relief.

All concur.