**Tanya TOMPKINS, Respondent,**

v.

**Amy FORD, Appellant.**

**No. WD 62956.**

Missouri Court of Appeals, Western District.

April 27, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 2004.

K. Martin Kuny, Independence, for Appellant.

Patrick E. White, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Amy Ford ("Mother") appeals the trial court's judgment awarding grandparent visitation rights to Tanya Tompkins ("Grandmother"), the child's paternal grandmother. We find that the trial court erred in granting judgment in favor of Grandmother for the reason that she was limited to seeking relief through a motion to modify the parent's dissolution decree and could not bring an independent petition requesting visitation with the child.

**Factual and Procedural Background**

The marriage between Mother and the child's father was dissolved in September 1999. While the dissolution action was pending, Grandmother sought to intervene in the proceedings, but her request for intervention was denied.[1] In the dissolution judgment, Mother was granted sole legal and physical custody of the child, though the child's father was awarded supervised visitation with the child.

On July 22, 2002, Grandmother filed her petition seeking grandparent visitation with the child, alleging that she had been unreasonably denied visitation for more than ninety days. Her suit, however, named only Mother as a defendant and failed to include the child's father as a party.[2] Mother sought dismissal of the action on that basis and because the action

was not brought as a modification to the dissolution decree, but that motion was denied by the trial court. After a trial, the court granted Grandmother limited visitation with the child.

**Discussion**

In general, our review of a court tried case proceeds under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or the judgment erroneously declares or applies the law. *See id.* We grant deference to the trial court's factual determinations, but do not defer to the lower court on questions regarding the declaration or application of the law. *See Marriage of Fry*, 827 S.W.2d 772, 775–76 (Mo.App.1992).

Mother presents six points on appeal. We find her fifth point on appeal dispositive. In that point, Mother argues that the trial court erred in permitting Grandmother's request seeking grandparent visitation to proceed as an independent petition because Grandmother was required to seek relief through a motion to modify the 1999 dissolution judgment. We agree, holding that Section 452.402.1(1), RSMo, requires that, when the child's parents are divorced, a grandparent may only bring an action seeking visitation with the child as a motion to modify the visitation provisions of the existing dissolution judgment.

1. We note that the version of Section 452.402.1(1), RSMo, in effect at the time of the dissolution granted grandparents the right to intervene in a pending dissolution action on the issue of child visitation. It is unclear on the record before us why Grandmother was not permitted to intervene in the dissolution proceedings. In any event, that irregularity is not a factor with regard to the issues raised in the present appeal.

2. Grandmother contends that joining the child's father as a party was unnecessary, as she was only requesting visitation to be awarded from the time that the child was in Mother's custody. We need not address this argument, given our ultimate disposition of the matter.

Grandmother could not bring an independent action seeking visitation.

Grandparents are given limited statutory rights to seek court-ordered visitation with their grandchildren by Section 452.402, RSMo. Subsection 1 of that statute sets forth six contexts in which a grandparent may ask for a court order granting visitation with a grandchild:

(1) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when such rights have been denied to them;

(2) One parent of the child is deceased and the surviving parent denies reasonable visitation rights to a parent of the deceased parent of the child;

(3) The child has resided in the grandparent's home for at least six months within the twenty-four month period immediately preceding the filing of the petition;

(4) A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days. However, if the natural parents are legally married to each other and are living together with the child, a grandparent may not file for visitation pursuant to this subdivision; or

(5) The child is adopted by a stepparent, another grandparent or other blood relative.

Mother argues that Section 452.402.1(1), RSMo, permits the grandparent to seek visitation only through either intervention in a pending dissolution action or by filing a motion to modify a previously-entered dissolution decree. Grandmother responds that she is not proceeding under Section 452.402.1(1), RSMo, but rather Section 452.402.1(4), RSMo. Under this subsection, a grandparent may seek court-ordered visitation when there has been an unreasonable denial of visitation for a period exceeding ninety days. The essence of Grandmother's argument is that subsections (1) and (5) provide independent grounds for seeking visitation with the child that she may elect between.

While the five subsections within Section 452.402.1, RSMo, are listed in the disjunctive, we must, nevertheless, read the statute as a whole to ascertain its meaning, rather than look at each subsection in isolation. *See Cousin's Adver., Inc. v. Bd. of Zoning Adjustment of Kansas City*, 78 S.W.3d 774, 780 (Mo.App.2002). Section 452.402.1(4), RSMo, does not indicate the procedural mechanism by which a grandparent may raise his or her request for visitation. It is silent on the question of whether a grandparent may institute an independent action seeking visitation or whether a grandparent must file that request as a motion to modify an existing dissolution judgment. Thus, to determine how a grandparent is authorized to seek visitation, we must look to other applicable provisions of the statute.

While Grandmother's petition was clearly premised upon the criteria in Section 452.402.1(4), RSMo, her request also falls within Section 452.402.1(1), RSMo, as there is an existing judgment dissolving the marriage of the child's parents.[3]

---

**3.** A grandparent may only seek visitation with a grandchild pursuant to Section 452.402.1(4), RSMo, when the parents are not married or the child is not living with the parents. The parents could only be unmarried for one of two reasons: either the parents were never married in the first place or their marriage has been dissolved. Here, we are addressing the latter circumstance; thus, we do not reach the issue of how a grandpar-

That judgment contains custody and visitation provisions allocating parenting time and responsibilities between the parents. Section 452.402.1(1), RSMo, provides Grandmother the right to file a motion to modify the dissolution judgment, seeking visitation with the child. It does not authorize her to bring an independent action seeking such visitation. Given that the statute provides the procedure by which Grandmother may seek visitation, we conclude that she is required to follow that procedure and may not file an independent petition seeking similar relief when the parents are divorced and the court has entered custody and visitation orders.

Such a conclusion is also compelled by practical concerns. Any grant of grandparent visitation must necessarily impact the parents' visitation and parenting time with their child. If the grandparent's action proceeds as an independent action, it becomes difficult (if not impossible) to harmonize the resulting judgment with the prior one. The trial court, in that context, has no jurisdiction to modify the dissolution decree to reflect an award of grandparent visitation. The trial court's judgment will almost certainly contain provisions that conflict or are otherwise inconsistent with the dissolution judgment, placing the parents in the difficult position of having to choose which judgment to comply with and which to disobey.[4]

The only way to avoid such inconsistencies is to require grandparents to seek modification of a pre-existing dissolution judgment. By proceeding in that manner, the judgment that results would take the place of the original dissolution judgment. There would be a single judgment, harmonizing the visitation awarded to the grandparent with the visitation and parenting time allocated to each parent and eliminating the potential that a parent would be obligated to obey conflicting judgments.

Grandmother also argues, in passing, that *Blakely v. Blakely*, 83 S.W.3d 537 (Mo. banc 2002), supports the filing of an independent petition seeking visitation.[5] While *Blakely* did arise from such a petition, it is distinguishable from the case at bar. Specifically, the parents in *Blakely* were married at the time the Grandparents' petition was filed. Thus, Section 452.402.1(1), RSMo, was not applicable in *Blakely*, as there was neither a pending dissolution proceeding the grandparents could intervene in nor a dissolution judgment that they could seek to modify.

We, therefore, conclude that, when there has been a prior dissolution judgment that includes provisions dealing with parenting time with the child, a grandparent seeking visitation under Section 452.402.1(4), RSMo, must file their request as a motion to modify the dissolution judgment, as provided within Section 452.402.1(1). The grandparent may not raise the issue through an independent action seeking visitation.

As Grandmother filed her request for visitation as an independent petition and not as a motion to modify, the trial court

---

ent may seek visitation with a grandchild in circumstances where the child's parents were never married.

4. In fact, Mother raises such an argument, here, contending that the judgment in this proceeding placed obligations on her that are inconsistent with those imposed on her by the dissolution judgment.

5. We also observe that, in 2002, the General Assembly amended Section 452.402, RSMo, apparently in response to *Blakely*. *See* S.B. 923, 2002 Mo. Laws 924. While those amendments do not have any impact upon the case at bar, any analysis relying upon *Blakely* should take those amendments into consideration.

erred in denying Mother's motion to dismiss. We, therefore, reverse the judgment of the trial court and remand with instructions to dismiss Grandmother's petition. Grandmother may then elect to refile her action as a motion to modify.

ROBERT G. ULRICH, Judge, and JAMES M. SMART, Jr., Judge, concur.