In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

X.P.E.L., BY HIS NEXT FRIEND, C.T., AND ) No. ED108748
C.T., INDIVIDUALLY, )
 ) Appeal from the Circuit Court
 Appellants, ) of Washington County
vs. )
 )
J.L.L., ) Honorable Troy K. Hyde
 )
 Respondent. ) FILED: June 8, 2021

 Introduction

 C.T. (“Grandmother”) appeals from the trial court’s judgment denying her amended

petition seeking visitation, which she filed following J.L.L.’s (“Father’s”) action for paternity

and custody over X.P.E.L. (“Child”) against M.H. (“Mother”). Grandmother raises two points

on appeal. First, Grandmother alleges the trial court erred in denying visitation under Section

452.402.11 by incorrectly applying a ninety-day rather than a sixty-day period for unreasonable

denial of visitation and by measuring the denial period from the date she filed her pleadings

rather than from the date judgment was entered. In her second point, Grandmother contends the

trial court erred in denying visitation because she satisfied Section 452.402.1’s two-prong test in

that (1) Father unreasonably denied Grandmother visitation for sixty days and (2) she qualified

under one of the three subdivisions. Specifically, Grandmother maintains she qualified to seek

1
 All Section references are to RSMo (Cum. Supp. 2019), unless otherwise indicated.
grandparent visitation under Section 452.402.1(1) (“Subdivision (1)”) because she was permitted

to intervene in Father’s paternity and custody action. However, the plain language of

Subdivision (1) allows grandparents to seek visitation only in the context of dissolution

proceedings, not paternity or custody proceedings. Because this case does not involve a

dissolution proceeding, the statute does not allow Grandmother the opportunity to seek visitation

under Subdivision (1), and we deny Point Two. Further, because the record shows that

Grandmother does not qualify to request grandparent visitation under the remaining two

subdivisions of Section 452.402.1, any error in the trial court’s application of the denial period

under the first prong of Section 452.402.1 would not afford Grandmother relief, and we deny

Point One. Accordingly, we affirm the trial court’s judgment.

 Factual and Procedural History

 Father and Mother had Child together and did not marry. On May 21, 2018, Father

petitioned for a declaration of paternity and custody over Child. Grandmother, Father’s mother,

filed a petition seeking third-party custody under Section 452.375.5(5). The trial court

consolidated the actions, and the case proceeded to trial. During trial, Grandmother abandoned

her pursuit of third-party custody and supported awarding custody to Father. In its judgment

issued February 21, 2019, the trial court denied Grandmother custody, determined Father’s

paternity and awarded Father custody. The trial court made findings under Section 452.375 that

Father was a fit and suitable candidate for sole legal and physical custody and that Father’s

parenting plan was in Child’s best interests.

 2
 The trial court then granted Grandmother leave to amend her pleadings to seek visitation,

and Grandmother thereafter filed an amended petition (“Amended Petition”) seeking visitation.2

In her Amended Petition Grandmother alleged that Child resided in Grandmother’s home for at

least six months within the twenty-four-month period immediately preceding the filing of the

Amended Petition, that she was unreasonably denied visitation with Child for a period exceeding

ninety days, and that visitation was in Child’s best interests.

 The trial court conducted a bench trial on Grandmother’s Amended Petition for visitation.

Following the trial, the parties filed proposed judgments. In her suggestions in support of her

proposed judgment, Grandmother alleged that she satisfied the requirements of Subdivision (1)

by having intervened in Father’s paternity and custody proceeding. Subsequently, the trial court

denied Grandmother’s Amended Petition for visitation in a final judgment issued January 20,

2020 (the “Judgment”). The trial court rejected Grandmother’s allegation that Child resided with

her for at least six months within the twenty-four-month period immediately preceding the filing

of the original petition or the Amended Petition. Based on Grandmother’s testimony and

daycare records introduced by Father, the trial court found Child resided with Father during the

timeframe Grandmother alleged Child resided with her. Upon cross-examination, Grandmother

acknowledged that the daycare records were correct and that Child did not reside with her during

the relevant timeframe. The trial court rejected Grandmother’s allegation that she was

unreasonably denied visitation with Child for a period exceeding ninety days because

Grandmother admitted at trial that she was afforded visitation “each and every month . . . for the

ninety days before she filed her pleadings[.]”

2
 Grandmother sought visitation in her Amended Petition filed April 15, 2019, entitled “First Amended Petition for
Third-Party Custody, Paternity and Guardianship.” The Amended Petition did not specifically refer to either Section
452.402 or to Section 452.375.

 3
 Having rejected Grandmother’s factual assertions, the trial court denied Grandmother’s

Amended Petition because she failed to satisfy the requirements for visitation under either

Section 452.402.1 or Section 452.375.5(5). The trial court determined that Grandmother failed

to qualify for visitation under Section 452.402.1. Specifically, Grandmother was not

unreasonably denied visitation for a period exceeding ninety days, and Grandmother failed to

qualify for visitation under 452.402.1(3) (“Subdivision (3)”) because Child did not reside with

Grandmother during a six-month period preceding the filing of either her original or her

Amended Petition. The trial court also noted that Grandmother failed to satisfy the requirements

for visitation pursuant to Section 452.375.5(5) because visitation under that provision should be

entertained only after considering and denying parental custody. Here, in the underlying

paternity and custody action, the trial court found Father fit for sole legal and physical custody.

Grandmother now appeals.

 Points on Appeal

 Grandmother raises two points on appeal. First, Grandmother argues the trial court

misapplied the law when denying Grandmother visitation because the trial court incorrectly

measured and applied the sixty-day denial of visitation period in Section 452.402.1. In

particular, Grandmother alleges the trial court incorrectly applied a ninety-day denial period

from a prior version of the statute and incorrectly measured the denial period from the date

Grandmother filed her Amended Petition rather than from the date the Judgment was issued. In

her second point, Grandmother contends the trial court misapplied the law when denying

Grandmother visitation because Grandmother satisfied the two-pronged requirements under

Section 452.402.1. Specifically, Grandmother maintains she was unreasonably denied visitation

 4
for sixty days, and she qualified to seek grandparent visitation under Subdivision (1) because she

successfully intervened in Father’s paternity and custody action.

 Standard of Review

 We will affirm a trial court’s judgment in a bench trial unless it is unsupported by

substantial evidence, it is against the weight of the evidence, or it erroneously declares or

misapplies the law. Clay v. Clay, 552 S.W.3d 692, 695 (Mo. App. E.D. 2018) (internal citation

omitted). “We grant great deference to the trial court’s ability to determine witness credibility;

the trial court determines what portions of a witness’s testimony to believe or disbelieve.” Id.

(internal citation omitted). However, while we defer to the trial court’s findings of fact, we “do

not defer to the trial court on questions regarding the declaration or application of the law.” Id.

(internal citation omitted). Further, we review questions of statutory interpretation de novo.

D.E.G. v. Juv. Officer of Jackson Cnty., 601 S.W.3d 212, 216 (Mo. banc 2020).

 Discussion

I. Point Two—Subdivision (1) of Section 452.402.1

 Because Point Two raises a question of statutory interpretation relevant to our review of

both points on appeal, we first will address Point Two. Grandmother maintains that because she

was allowed to intervene in Father’s paternity and custody action, the trial court erred in finding

her ineligible to seek grandparent visitation under Subdivision (1) of Section 452.402.1. Father

counters that the trial court properly denied visitation because Grandmother intervened in a

paternity and custody action, and not in a dissolution action as required by the plain language of

Subdivision (1).

 A grandparent’s right to visitation does not exist at common law and is a right granted

exclusively by statute. In re J.D.S., 482 S.W.3d 431, 438 (Mo. App. W.D. 2016), distinguished

 5
on other grounds by Massman v. Massman, 505 S.W.3d 406 (Mo. App. E.D. 2016) (internal

citation omitted). In Missouri, Section 452.402 governs grandparent visitation. Hanson v.

Carroll, 527 S.W.3d 849, 852 (Mo. banc 2017). The legislature amended Section 452.402 in

2019. Preliminarily, we note the parties generally agree the amended statute applies to the case,

because the amended version was in effect when the trial court entered the Judgment. See

S.E.M. v. St. Louis Cnty., 590 S.W.3d 378, 381 (Mo. App. E.D. 2019) (citing State ex rel. D&D

Distributors, LLC v. Mo. Comm’n on Hum. Rights, 579 S.W.3d 318, 325 (Mo. App. W.D.

2019)) (noting “generally, changes to remedial or procedural statutes apply to all pending cases

unless it would invalidate actions taken in a previous proceeding”). Further, as the following

discussion makes clear, the most recent amendment does not impact the outcome of the appeal.

Section 452.402.1 provides the following:

 The court may grant reasonable visitation rights to the grandparents of the child and
 issue any necessary orders to enforce the decree when a grandparent has been
 unreasonably denied visitation for a period exceeding sixty days, and:

 (1) The parents of the child have filed for a dissolution of their marriage. A
 grandparent shall have the right to intervene in any dissolution action solely
 on the issue of visitation rights. Grandparents shall also have the right to file a
 motion to modify the original decree of dissolution to seek visitation rights when
 visitation has been denied to them;

 (2) One parent of the child is deceased and the surviving parent denies reasonable
 visitation to a parent of the deceased parent of the child; or

 (3) The child has resided in the grandparent’s home for at least six months within
 the twenty-four month period immediately preceding the filing of the petition.

(emphasis added).

 The 2019 amendment decreased the denial period from ninety days to sixty days and

renumbered Section 452.402.1 to clarify that the Supreme Court of Missouri properly interpreted

the two-pronged test that a grandparent must satisfy before a trial court may consider awarding

 6
visitation under the statute. See id.; Section 452.402.1, RSMo (2016); Hanson, 527 S.W.3d at

852.3 A grandparent meets the first prong by showing unreasonable denial of visitation for a

period exceeding sixty days (the “Denial Provision”). Section 452.402.1; see Massman, 505

S.W.3d at 413 (noting a grandparent must satisfy the Denial Provision “as a precondition to

obtaining court-ordered visitation under any other [subdivision]”). A grandparent need

demonstrate only one of the following conditions listed in Section 452.402.1’s three subdivisions

to satisfy the requirements of the second prong:

 (1) “The parents of the child have filed for a dissolution of their marriage[;]” or
 (2) “One parent of the child is deceased and the surviving parent denies reasonable
 visitation to a parent of the deceased parent of the child [Subdivision (2)][;]” or
 (3) “The child has resided in the grandparent’s home for at least six months within
 the twenty-four month period immediately preceding the filing of the petition.”

Hanson, 527 S.W.3d at 852 (quoting Section 452.402.1, RSMo (2016)) (first and third alterations

in original) (emphasis added); Massman, 505 S.W.3d at 413; Matter of Adoption of E.N.C., 458

S.W.3d 387, 402 (Mo. App. E.D. 2014), abrogated in part on other grounds by S.S.S. v. C.V.S.,

529 S.W.3d 811 (Mo. banc 2017). Critically, a grandparent must satisfy both the Denial

Provision and one of the three subdivisions in order to seek visitation under Section 452.402.1.

See Hanson, 527 S.W.3d at 852; Massman, 505 S.W.3d at 413; E.N.C., 458 S.W.3d at 402.

3
 Applying the pre-amended Section 452.402.1, the Supreme Court explained the two-prong test as follows:

 A circuit court may grant grandparents reasonable visitation when: (1) “The parents of the child
 have filed for a dissolution of their marriage[;]” or (2) “One parent of the child is deceased and the
 surviving parent denies reasonable visitation to a parent of the deceased parent of the child[;]” or
 (3) “The child has resided in the grandparent’s home for at least six months within the twenty-four
 month period immediately preceding the filing of the petition[;]” and (4) “A grandparent is
 unreasonably denied visitation with the child for a period exceeding ninety days.”

Hanson, 527 S.W.3d at 852 (alterations and emphasis in original) (quoting Section 452.402.1(1)–(4), RSMo (2016)).
The 2019 amendment decreased Section 452.402.1(4)’s denial period to sixty days and incorporated it into the first
prong of Section 452.402.1. Hanson and the 2019 amendment rejected the interpretation that the denial provision
was not a requirement to seek visitation under other subdivisions, as in J.D.S. See Massman, 505 S.W.3d at 410 n.7
(rejecting interpretations of Section 452.402.1 that do not treat the denial provision as a statutory prerequisite to
grandparent visitation); see generally J.D.S., 482 S.W.3d 431.

 7
 Here, Grandmother suggests on appeal that her intervention in the underlying paternity

and custody action meets the statutory requirements of Subdivision (1), which applies when

“[t]he parents of the child have filed for a dissolution of their marriage” and provides a

grandparent with “the right to intervene in any dissolution action solely on the issue of visitation

rights.”4 Grandmother contends that although Subdivision (1) refers only to dissolution, it

should be read broadly to apply with equal force and effect in paternity and custody actions,

which are similar to dissolution proceedings in that they “dissolve” the relationship between

unmarried parents. Grandmother argues her intervention in Father’s paternity and custody action

satisfies Subdivision (1), thus the trial court erred in finding she failed to satisfy one of the three

subdivisions of Section 452.502.1.

 The “primary rule of statutory interpretation is to give effect to legislative intent as

reflected in the plain language of the statute at issue.” D.E.G., 601 S.W.3d at 216 (quoting State

ex rel. Robison v. Lindley-Myers, 551 S.W.3d 468, 472 (Mo. banc 2018)). “A statute is clear

and unambiguous if the language is plain and clear to a person of ordinary intelligence.”

Hampton v. Hampton, 17 S.W.3d 599, 602 (Mo. App. W.D. 2000) (internal citation omitted).

“When the words of a statute are unambiguous, there is nothing to construe and [we] merely

appl[y] the plain meaning of the statute.” State ex rel. Lavender Farms, LLC v. Ashcroft, 558

S.W.3d 88, 91 (Mo. App. W.D. 2018) (citing Bateman v. Rinehart, 391 S.W.3d 441, 446 (Mo.

banc 2013)); see also D.E.G., 601 S.W.3d at 219. In interpreting statutory language, “all

provisions must be harmonized and every clause given some meaning.” Lavender Farms, LLC,

4
 In her Amended Petition and at trial, Grandmother sought to prove her right to seek grandparent visitation
under Subdivision 3, alleging that Child had lived in her home for at least six months within the twenty-
four-month period immediately preceding the filing of the Amended Petition. The facts adduced at trial
defeated Grandmother’s claim under Subdivision (3). Neither during the trial nor in her Amended Petition
did Grandmother attempt to establish a right to seek grandparent visitation pursuant to Subdivision (1).
Grandmother first raised Subdivision (1) as qualifying her to seek grandparent visitation in post-trial
filings.

 8
558 S.W.3d at 92 (internal quotation omitted). We “cannot add statutory language where it does

not exist; rather, [we] must interpret the statutory language as written by the legislature.” Peters

v. Wady Indus., Inc., 489 S.W.3d 784, 792 (Mo. banc 2016) (internal quotation omitted); see

also Hampton, 17 S.W.3d at 602 (internal citation omitted) (noting “[i]t is not the place of this

[C]ourt to surmise what the legislature intended to say or inadvertently failed to say”).

 In interpreting the plain meaning of “dissolution” in Subdivision (1), we are guided by

the Chapter within which the statute is found. Enacted in 1974 and known as the “Dissolution of

Marriage Act,” Chapter 452 codified Missouri’s dissolution of marriage at common law. See

Kanady v. Kanady, 527 S.W.2d 704, 707 (Mo. App. K.C.D. 1975). Chapter 452 outlines

specific procedures and consequences for dissolution. Section 452.305, RSMo (2016) directs a

circuit court to enter a “judgment of dissolution of marriage” if the court finds, among other

things, “that there remains no reasonable likelihood that the marriage can be preserved and that

therefore the marriage is irretrievably broken.” Section 452.305.1, RSMo (2016). Section

452.305, RSMo (2016) provides that a marriage may result in either: (1) a judgment of

dissolution when the marriage is irretrievably broken or (2) a judgment of legal separation when

the marriage is not irretrievably broken. Id.; see Simpson v. Strong, 234 S.W.3d 567, 582 (Mo.

App. S.D. 2007) (distinguishing between the meaning of dissolution and legal separation). Thus,

although dissolution is not explicitly defined in Section 452.160, RSMo (2016), we must

harmonize the provisions of the legislative act and interpret the term’s plain meaning within the

statutory framework. See D.E.G., 601 S.W.3d at 216 (internal citation omitted); Lavender

Farms, LLC, 558 S.W.3d at 91–92 (internal citation omitted). Chapter 452 clearly delineates

dissolution as a specific legal outcome following an irretrievably broken marriage. Dissolution

 9
is procedurally distinct from a legal action initiated to determine paternity and custody. See

Section 452.305, RSMo (2016).

 Additionally, other statutory provisions within Chapter 452 reflect the linguistic tools

available to the legislature to expand the statutory prerequisites of Subdivision (1) to include

proceedings other than dissolution actions had it so intended. See Jefferson ex rel. Jefferson v.

Mo. Baptist Med. Ctr., 447 S.W.3d 701, 708 (Mo. App. E.D. 2014) (internal quotations omitted)

(noting “the legislature’s use of different terms . . . is presumed to be intentional and for a

particular purpose, and we cannot simply insert terms that the legislature has omitted under the

pretense of statutory construction”) (omission in original). For example, Section 452.375.10

permits a party to file “a family access motion with the [circuit] court stating the specific facts

that constitute a violation of the custody provision of the judgment of dissolution, legal

separation, or judgment of paternity.” We further note that under Section 452.375.12, “[u]nless

a parent has been denied custody rights pursuant to this [S]ection or visitation rights under

[S]ection 452.400, any judgment of dissolution or other applicable [trial] court order shall

specifically allow both parents access to such records and reports [pertaining to a minor child].”

(emphasis added); see also E.N.C., 458 S.W.3d at 402–03 (internal quotation omitted) (noting

Missouri courts have rejected broad interpretations borrowing language from other statutes

where the legislature could have drafted the statutes to reference one another but chose not to do

so, such as between Section 452.375 and Section 452.402). Thus, these provisions show that the

legislature could have drafted Subdivision (1) more expansively to include separation, paternity,

custody proceedings or other applicable trial court orders or proceedings. Instead, the language

of Subdivision (1) is expressly written in a manner to limit its application to only those

circumstances when “[t]he parents of the child have filed for a dissolution of their marriage.”

 10
Given the clarity of the words chosen by the legislature, we must give effect to the legislative

intent to limit the application of Subdivision (1) to dissolution actions. See Peters, 489 S.W.3d at

792; Jefferson, 447 S.W.3d at 708 (internal citation omitted).

 We are further guided in our analysis by the interpretations made by our courts of other

undefined terms found within Subdivision (1). In determining whether the term “grandparent”

broadly includes “step-grandparents,” the Western District held the plain meaning of

“grandparent” was limited to individuals who were the “parents of one’s father or mother,” and

thus step-grandparents lacked legal standing to intervene in a dissolution proceeding under

Subdivision (1). Hampton, 17 S.W.3d at 601–02. Missouri courts also have recognized that

“Section 452.402 addresses grandparents’ rights of visitation in dissolution cases, not adoption

proceedings.” E.N.C., 458 S.W.3d at 402 (internal citation omitted) (emphasis added) (noting

the legislature amended the statute to remove an exception previously allowing for grandparent

visitation in cases where the child was adopted); see also Ross v. Scott, 593 S.W.3d 627, 630–31

(Mo. App. E.D. 2019) (interpreting the term “grandparent” to mean that a biological

grandmother whose daughter had been adopted did not qualify under Subdivision (1) because

she was no longer legally a grandparent). Thus, just as prior Missouri cases have declined to

extend grandparent visitation rights in Subdivision (1) to step-grandparents or non-legal

grandparents, we are unwilling to expand the meaning of “dissolution” as the triggering

condition to encompass any and all proceedings related to the determination of parental rights.

See E.N.C., 458 S.W.3d at 402; Hampton, 17 S.W.3d at 601–02.

 Grandmother has offered for our guidance limited judicial authority wherein a non-

dissolution action seemingly served as a basis for allowing grandparent-visitation standing under

Subdivision (1). However, these cases do not address analytically the issue of statutory

 11
interpretation raised here. For instance, although the trial court allowed a grandparent to

intervene in a non-dissolution proceeding involving paternity and modification of visitation

under Section 452.402.1, on appeal the Western District addressed only whether the trial court

erred in awarding visitation that was more than a “minimal intrusion on the family relationship”

under Section 452.402.2, RSMo (2016). See Bryan v. Garrison, 187 S.W.3d 900, 903–04, 912

(Mo. App. W.D. 2006). Bryan did not address the scope of the language referring to a

grandparent’s right to intervene under Subdivision (1). See id. And we are not aware that any

party to the underlying proceeding challenged the grandmother’s standing to seek visitation as a

result of her intervention in the paternity action. See id. Likewise, in holding that Subdivision

(1) did not authorize a grandparent to bring an independent action seeking visitation, and instead

required the grandparent to seek relief through a motion to modify a dissolution judgment, the

Western District “specifically noted that it did ‘not reach the issue of how a grandparent may

seek visitation with a grandchild in circumstances where the child’s parents were never

married.’” Tompkins v. Ford, 135 S.W.3d 508, 510 n.3 (Mo. App. W.D. 2004), as quoted in

E.N.C., 458 S.W.3d at 403.

 In arguing that the term “dissolution action” should not be read narrowly so as to exclude

paternity and custody actions, Grandmother correctly advises that Missouri law generally

considers the best interests of the child rather than the marital status of the parents. See, e.g.,

Edmison ex rel. Edmison v. Clarke, 988 S.W.2d 604, 611 (Mo. App. W.D. 1999) (ruling on

proceedings under Section 452.375, RSMo (1994) but noting that under Section 452.402, RSMo

(1994) “the best interests of the grandchildren would be the same regardless of whether the

parents were ever actually married”). Indeed, Section 452.402 reflects this inclusive approach by

providing that intervention in a dissolution proceeding is but one of three ways in which a

 12
grandparent can satisfy the statutory prerequisites for seeking grandparent visitation. Once a

grandparent has satisfied Section 452.402.1’s two-pronged test—the Denial Provision plus one

of the three subdivisions, of which only Subdivision (1) refers to a dissolution—the trial court

then considers whether granting visitation is appropriate based on the best interests of the child.

See Section 452.402.1–2 (“The court may grant reasonable visitation rights” when a grandparent

meets both the Denial Provision and one of the three subdivisions, and “[b]efore ordering

visitation, the court shall . . . determine if the visitation . . . would be in the child’s best

interests”) (emphasis added); Clay, 552 S.W.3d at 696 (deferring to the trial court’s findings

under Section 452.402.2 whether granting grandparent visitation was in the child’s best

interests); Massman, 505 S.W.3d at 411 n.8 (internal citation omitted) (“Missouri grandparents

have the burden to prove that denial of visitation was unreasonable; and the Missouri statute

[Section 452.402] provides procedural safeguards for the court’s determination of the child’s

best interest.”).

 As societal patterns and notions relating to marriage and family evolve, we view it fair to

question whether a grandparent allowed to intervene in a paternity proceeding merits standing to

seek grandparent-visitation under Subdivision (1). But that question falls within the scope of

legislative duties and is not a judicial function. We note that, as in Edmison, the cases on which

Grandmother relies predate important amendments to Section 452.402 or otherwise fail to

address the plain meaning of dissolution in Subdivision (1). See Edmison, 988 S.W.2d at 611

(citing Farrell v. Denson, 821 S.W.2d 547, 548 (Mo. App. E.D. 1991) (citing In re C.E.R., 796

S.W.2d 423, 424 (Mo. App. S.D. 1990))). Underscoring the distinction between legislative and

judicial authority, when discussing the legislative amendment to Section 452.402 after C.E.R.

but prior to the present case, this Court in E.N.C. explained that the Southern District’s holding

 13
in C.E.R. that the child’s parents need not be married for a grandparent to seek visitation under

Section 452.402.1 was based on an earlier version of the statute in which the Denial Provision

served as an independent precondition to visitation. E.N.C., 458 S.W.3d at 402–03 (citing

C.E.R., 796 S.W.2d at 424 (citing Section 452.402, RSMo (Cum. Supp. 1989))). For that reason,

C.E.R. did not need to address Subdivision (1)’s dissolution condition. See id. But under the

current version of the statute, Section 452.402 provides “for grandparent visitation when one of

three circumstances is met first, plus an additional requirement that the grandparent be denied

visitation unreasonably” under the Denial Provision. Id. at 402. As explained above, the three

limited circumstances in which a grandparent may seek visitation include when: “(1) there is a

dissolution action involving the parents of the child; (2) one parent of the child is deceased and

the surviving parent denies reasonable visitation to a parent of the deceased parent of the child;

or (3) the child has resided in the grandparent’s home for at least six months within the twenty-

four month period immediately preceding the filing of the petition.” Id. (citing Section

452.402.1, RSMo (2016)); see also Hanson, 527 S.W.3d at 852; Massman, 505 S.W.3d at 413.

 We are mindful that “the rules of statutory interpretation are not intended to be applied

haphazardly or indiscriminately to achieve a desired result. Instead, the canons of statutory

interpretation are considerations made in a genuine effort to determine what the legislature

intended.” D.E.G., 601 S.W.3d at 219 (internal quotation omitted). We emphasize that the

dissolution condition set forth in Subdivision (1) is only one of three qualifying conditions under

which a grandparent may seek visitation under Section 452.402.1. We are not persuaded that

interpreting “dissolution” to exclude paternity and custody actions produces an absurd or

illogical result leaving grandparents in Grandmother’s situation without recourse. The

legislature has provided opportunities for grandparents of children born to unmarried parents to

 14
seek visitation—but has limited those opportunities. We will not speculate as to the reasons for

these limitations, but must accept the authority of the legislature, as a policy-making body, to

impose such limitations. Section 452.402 provides two avenues through which grandparents of a

child born to unmarried parents may seek visitation. See Lavender Farms, LLC, 558 S.W.3d at

91–92 (quoting State ex rel. Valentine v. Orr, 366 S.W.3d 534, 540 (Mo. banc 2012)) (“[We]

will look beyond the plain meaning of the statute only when the language is ambiguous or would

lead to an absurd or illogical result.”).

 When reviewing the requirements of Subdivisions (2) and (3) in light of the requirements

of Subdivision (1), we reasonably can understand why the legislature did not require a

dissolution action or otherwise refer to marital status to permit a grandparent standing to seek

visitation in those subdivisions. Both Subdivisions (2) and (3) envision circumstances of a more

direct and impactful relationship between the grandparent and grandchild—a relationship

impacted by either the death of the grandchild’s parent or a relationship fostered by continuity of

contact between the grandparent and grandchild. See Section 452.402.1(2)–(3). Intervention in

a paternity action does not necessarily imply a close or prior relationship between grandparent

and grandchild. Furthermore, Section 452.375.5(5) permits “any person [to] petition the [trial]

court to intervene as a party in interest” in order to be granted third-party custody or visitation

when the trial court “finds that each parent is unfit, unsuitable, or unable to be a custodian, or the

welfare of the child requires, and it is in the best interests of the child[.]” Section 452.375.5(5).5

Additionally, Section 452.403, RSMo (2016) provides that upon the written request of a

5
 We note that Grandmother initially intervened in the underlying paternity and custody action seeking third-party
custody of Child under Section 452.375.5(5). During trial, Grandmother supported awarding custody to Father and
abandoned her pursuit of custody. Father’s fitness as Child’s sole custodian is not at issue. Only after the trial court
entered judgment awarding paternity and custody to Father did Grandmother amended her pleadings to seek
visitation. Even then, Grandmother did not specify if she was seeking visitation under Section 452.402 or Section
452.375.5. Nevertheless, the trial court evaluated her Amended Petition under both statutes and denied her relief.
See Hanson, 527 S.W.3d at 852 (noting the grandparents failed to reference or cite the statute in their petition).

 15
grandparent denied visitation with a grandchild, the trial court may order mediation with the goal

of reaching a mutually acceptable, voluntary, and consensual agreement in the best interests of

the child as to issues of child care and visitation.6 Here, Grandmother solely alleges that the trial

court should have considered granting her visitation based on her qualification under Subdivision

(1), thus we review her claim only under that subdivision.7

 The narrow question before us is whether the requirement of Subdivision (1) can be

satisfied only in circumstances involving a dissolution action involving the child’s parents.8 We

hold that the plain language of Section 452.402.1 is clear and unambiguous in making a

dissolution action a statutory prerequisite under Subdivision (1). See D.E.G., 601 S.W.3d at 219.

The matter before the trial court did not involve a dissolution action or dissolution judgment.

Given that the plain language of Subdivision (1) requires a grandparent seeking visitation to

satisfy the statutory prerequisite that the child’s parents have filed for dissolution of their

marriage, Grandmother cannot satisfy Subdivision (1). Whether present societal patterns warrant

a broader application of Subdivision (1) is a matter of policy left for the legislature and is beyond

the scope of our judicial authority. Because the plain meaning of the term “dissolution” does not

6
 Following the Judgment, Grandmother did not request mediation pursuant to Section 452.403, RSMo (2016).
7
 For the first time on appeal, Grandmother also posits that because a custody and paternity proceeding involving
unmarried parents is equivalent or analogous to a dissolution proceeding involving married parents, applying
Subdivision (1) to proceedings involving married and not unmarried parents violates the Equal Protection Clause of
the United States and Missouri Constitutions. Because Grandmother did not present her constitutional claim to the
trial court, we may not consider it on appeal. See G.B. v. Crossroads Acad.-Cent. St., 618 S.W.3d 581, 593 (Mo.
App. W.D. 2020) (holding a party waives appellate review of a constitutional claim that is not raised at the earliest
opportunity before the trial court).
8
 Father suggests that if Grandmother’s argument in Point Two is based solely on her “right” to intervene in the
underlying paternity proceeding under Subdivision (1), then she always lacked standing to intervene because
Subdivision (1) only confers on a grandparent “the right to intervene in any dissolution action[.]” Section
452.402.1(1). Grandparents do not have a legal right to visitation with grandchildren at common law—and have
only those visitation rights granted by statute. See J.D.S., 482 S.W.3d at 437–38. Sections 452.402 and 452.375.5
are “the only recognized statutory grants of grandparent visitation in Missouri.” Id. at 443. Here, Grandmother
originally intervened in Father’s paternity and custody proceeding by way of a petition for third-party custody under
Section 452.375.5(5), and not a petition for grandparent visitation pursuant to Section 452.402. Thus, determining
whether Grandmother initially had standing to intervene under does not fully resolve the points on appeal, the merits
of which are best addressed through the lens of statutory interpretation.

 16
encompass paternity and custody proceedings, Grandmother does not satisfy the statutory

prerequisite to seek visitation under Subdivision (1), and the trial did not err in denying

visitation. See D.E.G., 601 S.W.3d at 216. We deny Point Two.

II. Point One—The Denial Provision

 In Point One, Grandmother argues the trial court incorrectly measured and applied

Section 452.402.1’s Denial Provision. Specifically, the trial court improperly imposed a ninety-

day denial period from a prior version of the statute, rather than the appropriate sixty-day period.

The trial court also incorrectly measured the Denial Period from the date Grandmother filed her

Amended Petition rather than from the date of Judgment. Grandmother contends that remand is

necessary for the trial court to determine whether visitation is in Child’s best interests because

she would have satisfied Section 452.402.1’s two-prong test had the trial court correctly applied

the Denial Provision. Father suggests that the trial court’s denial of visitation was proper

regardless of any error in the application of the Denial Provision. Given Grandmother’s inability

to proceed under Subsection (1), we agree.

 A trial court may proceed in determining whether granting visitation is in the child’s best

interests only when a grandparent has satisfied both prongs of Section 452.402.1: the Denial

Provision plus one of the three subdivisions. See Hanson, 527 S.W.3d at 852; Massman, 505

S.W.3d at 413; E.N.C., 458 S.W.3d at 402–03. Here, Grandmother maintains on appeal that she

satisfied the first prong by intervening in the paternity and custody proceeding under Subdivision

(1). However, we found in Point Two that Grandmother lacked standing to seek visitation under

Subdivision (1) because she did not intervene in a dissolution action as required by the plain

language of the statute. Therefore, any error in the trial court’s finding that Grandmother failed

to satisfy the first prong’s Denial Provision would not afford Grandmother relief on remand.

 17
 Even if we ex gratia were to consider the other two subdivisions of Section 452.402.1,

Grandmother would not prevail. In analyzing Grandmother’s standing to proceed on her claim

for grandparent visitation under Subdivisions (2) and (3), we defer to the trial court’s factual

findings. See Clay, 552 S.W.3d at 695. Subdivision (2) does not apply because the record

indicates that both parents are alive. Grandmother cannot satisfy Subdivision (3) because the

record shows that Child did not reside with Grandmother for at least six months within the

twenty-four-month period immediately preceding the filing of either Grandmother’s original

petition or her Amended Petition. Grandmother does not challenge the trial court’s findings with

respect to Subdivision (3).

 Even if the trial court misapplied the Denial Provision, we will affirm a trial court’s

judgment in a court-tried proceeding for any reason that is correct under the law. See De Rubio

v. Rubio Herrera, 541 S.W.3d 564, 575 (Mo. App. W.D. 2017) (“In reviewing a court-tried case,

we are concerned only with the correctness of the result, not the route taken to reach that

result.”). Because Grandmother is entitled to seek grandparent visitation under Section 452.402

only if she first satisfies the requirements of both the Denial Provision and Subdivision (1),

Grandmother’s inability to satisfy Subdivision (1) means she cannot demonstrate reversible error

even if the trial court misapplied the Denial Period. See Hanson, 527 S.W.3d at 852; Massman,

505 S.W.3d at 413; E.N.C., 458 S.W.3d at 402–03. Point Two is therefore dispositive of the

appeal, and the trial court properly denied Grandmother visitation under Section 452.402. See

D.E.G., 601 S.W.3d at 216. Point One is denied.

 Conclusion

 Whether the evolving family structure in society warrants a broader statutory right for

grandparent visitation is a matter exclusively left to the legislature. Accordingly, because the

 18
trial court correctly applied Section 452.402.1(1) in the matter before it, we affirm the judgment

of the trial court.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 19